652 A.2d 287

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael J. BRION, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1994.

Decided Dec. 30, 1994.

Reargument Denied Feb. 16, 1995.

Angela C. Lovecchio, Peter T. Campana, Williamsport, for M.J. Brion.

Kenneth A. Osokow, Williamsport, Dennis C. McAndrews, Wayne, Robert A. Graci, Harrisburg, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

The controlling question in this appeal is whether, under the Pennsylvania Constitution, the police can send a confidential

informer into the home of an individual to electronically record his conversations and transmit them back to the police. Because the right to privacy in one's domain is sacrosanct, we hold that Article I, § 8 of the Pennsylvania Constitution precludes the police from sending a confidential informer into the home of an individual to electronically record his conversations and transmit them back to the police. The order of the Superior Court is reversed.[1]

The facts of the case *sub judice* are not in dispute. On March 13, 1984, the police sent a confidential informant to purchase approximately fifteen grams of marijuana from Appellant, Michael J. Brion, at his residence. The informant, wearing a consensual body wire, entered Brion's home and made a purchase of marijuana. The conversation between the two during the sale of marijuana from Brion to the informant was recorded and transmitted to the monitoring agents. While the First Assistant District Attorney had authorized the interception, no prior judicial approval was obtained for the use of the body wire. As a result of the investigation, Appellant was charged with one count of possession of marijuana and one count of delivery of marijuana.

Prior to trial, Appellant filed a timely motion to suppress the tape recording of the transaction between himself and the informant. After a hearing, the motion was denied and the recording was introduced into evidence at trial. Following a bench trial on October 27, 1987, the Appellant was found guilty on all charges. Post-verdict motions were filed alleging that the trial court erred in failing to suppress the tape recording. Relying on the Superior Court's *en banc* decision in *Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987), (*Schaeffer I* ), the trial court granted Appellant's motion for a new trial.

---

1. This case was consolidated and argued with *Commonwealth v. Schaeffer*, No. 53 Middle District Appeal Docket 1988 (hereinafter Schaeffer II) and *Commonwealth v. Schaeffer*, No. 63 Middle District Appeal Docket 1993 (hereinafter Schaeffer III). We also decide this date. *Schaeffer II* and *Schaeffer III* but do so in a separate per curiam order based upon our decision herein.

On appeal, a panel of the Superior Court reversed based upon the conclusion that our decisions in *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988) and *Commonwealth v. Rodriguez*, 519 Pa. 415, 548 A.2d 1211 (1988), overruled *Schaeffer I sub silentio.*

The Commonwealth argues that the controlling precedent in this case is our decision in *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), aff'd. on other grounds, sub nom., *Blystone v. Pennsylvania*, 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990), wherein we held that Section 5704 of the Wiretapping and Electronic Surveillance Control Act, did not violate Article 1, § 8 of the Pennsylvania Constitution. The Commonwealth further argues that even if Section 5704 does require a warrant based on probable cause, the Superior Court erred in failing to apply a good faith exception to the exclusionary rule since the government was operating in reasonable reliance on the statutory and precedential authority as it existed at the time of the monitoring.

The Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §§ 5701–5727, prescribes criminal penalties for wiretapping and other electronic interceptions of communications. See 18 Pa.C.S. § 5703. The Act also authorizes law enforcement officers to engage in wiretapping and electronic surveillance subject to a stringent procedure for showing probable cause before a Superior Court judge. See generally §§ 5708–5726. Exemption from these strictures is provided in the Act for other electronic surveillance techniques. The technique used in the case *sub judice* is treated in subsection 5704(2):

**§ 5704. Exceptions to prohibition on interception and disclosure of communications**

It shall not be unlawful under this chapter for:

. . . .

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral

communication involving suspected criminal activities where:

(i) such officer or person is a party to the communication; or

(ii) one of the parties to the communication has given prior consent to such interception. . . .

In *Commonwealth v. Blystone*, supra, we examined whether Section 5704(2) of the Act violated Article I, § 8 of the Pennsylvania Constitution. Blystone and three of his companions picked up a hitchhiker to rob him for gas money. After pulling off the road at a lonely spot, Blystone had the hitchhiker exit the automobile at gun point and led him to an adjacent field. Blystone then robbed the hitchhiker of thirteen dollars and after having him lie face down on the ground subsequently emptied his revolver into the back of the hitchhiker's head. After Blystone's associates eventually exposed him, the police were able to obtain an audio tape of Blystone describing the murder to an informant who along with Blystone was in a truck when the police monitored and recorded the conversation. 519 Pa. at 487, 549 A.2d at 99. We found no constitutional defect in the statute because Blystone had no reasonable expectation of privacy once he chose to disclose his confidence to the informant.

We addressed the act more recently, in *Commonwealth v. Henlen*, 522 Pa. 514, 564 A.2d 905 (1989). There, a prison guard was being interrogated by a Pennsylvania State Trooper following the theft of an inmate's personal property. The guard secretly tape recorded the interrogation. Thereafter, the guard filed a complaint against the trooper who had interrogated him, alleging harassment, and gave a copy of the tape to the Internal Affairs Division of the Pennsylvania State Police. The guard was then charged with violating the Act, which prohibits the interception of oral communications.

We unanimously held that the Commonwealth failed to prove that the trooper possessed a justifiable expectation that his words would not be subject to interception. We reiterated that the Act requires that a person uttering an oral communi-

cation, as that term is defined under the Act, must have a specific expectation that the contents of a discussion will not be electronically recorded. However, this expectation must be justifiable under the existing circumstances. Implicit in any discussion of an expectation that a communication will not be recorded, is a discussion of the right to privacy. In *Henlen*, we referred to our decision in *Blystone*, supra, in determining what facts lead to a conclusion that no reasonable expectation of privacy exists in a particular situation. With respect to the right to privacy under Article I, Section 8 of the Pennsylvania Constitution, we stated in *Blystone:*

> To determine whether one's activities fall within the right of privacy, we must examine: first, whether Appellant has exhibited an expectation of privacy: and second, whether that expectation is one that society is prepared to recognize as reasonable. (Citations omitted).

519 Pa. at 463, 549 A.2d at 87.

Unlike both *Blystone* and *Henlen*, the instant case involves conversations taking place in the sanctity of one's home.[2] If nowhere else, an individual must feel secure in his ability to hold a private conversation within the four walls of his home. For the right to privacy to mean anything, it must guarantee privacy to an individual in his own home. As then-Justice Roberts stated in *Commonwealth v. Shaw*, 476 Pa. 543, 550, 383 A.2d 496, 499 (1978): "Upon closing the door of one's home to the outside world, a person may legitimately expect the highest degree of privacy known to our society." (Citations omitted.)

In *Shaw*, the defendant was engaged in his own affairs on the second floor of his family's home. The police were admit-

---

**2.** In *Commonwealth v. Rodriguez*, 519 Pa. 415, 548 A.2d 1211 (1988), we cited *Blystone* in rejecting Rodriguez's contention that one-party consensual wiretapping authorized by 18 Pa.C.S.A. § 5704(2)(ii) did not violate his right to privacy under Article I, § 8 of the Pennsylvania Constitution. The issue in *Rodriguez*, however, was not framed as it is in the case presently before us, i.e., whether the *Blystone* rationale extends to cases involving the surreptitious recording of a conversation in a private residence. It is unclear whether Rodriguez owned the residence or even whether the conversations in fact took place in the residence.

ted to the home to inquire of his knowledge of a recent robbery and killing. An eyewitness to the shooting had informed the police that one of the perpetrators was a friend of a man by the name of "Shaw". When the police entered the house and called out to the defendant, a detective heard feet shuffling on the second floor. Because the defendant did not respond to the detective's call, three police officers ran upstairs without a warrant or permission. We held in that instance that the governmental intrusion was unreasonable given the defendant's legitimate expectation of privacy in his own home and therefore the intrusion violated the defendant's right against unreasonable searches and seizures. While the facts of *Shaw* differ from this case, the principle involved is identical. An individual has a constitutionally protected right to be secure in his home.

In accordance with the analysis articulated by Judge Cirillo in *Schaeffer I*, see 370 Pa.Super. at 207–214, 536 A.2d at 368–372 we hold that an individual can reasonably expect that his right to privacy will not be violated in his home through the use of any electronic surveillance. In so holding, we need not find Section 5704(2) unconstitutional. We must presume that the General Assembly did not intend to violate the constitution, 1 Pa.C.S. § 1922(3), and will construe a statute so as to sustain its validity if such is fairly possible. See *Commonwealth v. MacDonald,* 464 Pa. 435, 347 A.2d 290 (1975) (plurality). "[A] reasonable construction of the Act allows the conclusion that the General Assembly's exemption of participant monitoring from the prohibitions and requirements of the Act was not necessarily a legislative declaration that the practice was free of state constitutional constraints as well." 370 Pa.Super. at 185, 536 A.2d at 357. With respect to oral communications occurring within one's home, interception pursuant to 18 Pa.C.S. § 5704(2)(ii) can only be deemed constitutional under Article 1, Section 8 if there has been a prior determination of probable cause by a neutral, judicial authority. In light of the General Assembly's preference expressed elsewhere in the Act that probable cause determinations regarding other electronic surveillance be made by a judge of

the Superior Court, 18 Pa.C.S. §§ 5708–5723, for consistency we believe that such procedures should be applied in fulfilling this probable cause/warrant requirement.

In this case, there is no evidence to suggest that Brion committed any act which would reasonably lead to the conclusion that he did not have an expectation of privacy within his home. Because there was no determination of probable cause by a neutral judicial authority, the consensual body wire violated Article I, Section 8 and the tape recording of the transaction in Brion's home should have been suppressed.

Finally, we need not address the Commonwealth's assertion that even if § 5704(2) is unconstitutional, its actions should be shielded by the "good faith exception" to the exclusionary rule. In *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991), we found that under Article 1, Section 8 of the Pennsylvania Constitution, prohibiting unreasonable searches and seizures, there is no good faith exception to the exclusionary rule.

Accordingly, the Order of the Superior Court in *Commonwealth v. Brion*, 381 Pa.Super. 83, 552 A.2d 1105 (1989) is reversed and the case is remanded for a new trial.

NIX, C.J., files a dissenting opinion in which PAPADAKOS and CASTILLE, JJ., join.

MONTEMURO, J., is sitting by designation.

NIX, Chief Justice, dissenting.

It is my view that the Wiretap Act applies only to oral communications in which a party has a reasonable expectation of privacy; in the instant matter, Appellee did not have a reasonable expectation of privacy as to his conversation with a police informant.

The Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. § 5701, *et seq.*, defines an oral communication as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 Pa.C.S. § 5702. This language mirrors the test for expecta-

tion of privacy in *Commonwealth v. Blystone*, 519 Pa. 450, 463–64, 549 A.2d 81, 87 (1988), *aff'd, Blystone v. Pennsylvania*, 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990) ("first, whether appellant has exhibited an expectation of privacy; and second, whether that expectation is one that society is prepared to recognize as reasonable").

In *Blystone*, a majority of this Court rejected the appellant's claim that section 5704 of the Wiretap Act (which provides exceptions to the prohibition against taping or transmitting conversations) violated the Pennsylvania Constitution. In doing so, the majority found persuasive the United States Supreme Court case of *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). In *White*, the United States Supreme Court reasoned that "[i]f the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversation made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks." *Id.* at 751, 91 S.Ct. at 1126, 28 L.Ed.2d at 458. We noted that the Supreme Court "recognized the simple fact that a thing remains secret until it is told to other ears, after which one cannot command its keeping. What was private is now on other lips and can no longer belong to the teller." *Blystone*, 519 Pa. at 464, 549 A.2d at 87. Therefore, in the instant matter, Brion, by disclosing his criminal involvement to a confidant, did not exhibit an expectation of privacy that society is prepared to recognize as reasonable.

The majority fails in its attempt to distinguish the instant facts from those in *Blystone; Blystone*'s expectation of privacy was lost not because Blystone was not in his home, but because he chose foolishly to divulge his participation in the crime to an informant. Neither the majority nor the dissenting opinion in *Blystone* contains any reference to the location of the conversation, nor do they rely on that factor to decide the case. Indeed, in this case, the majority summarizes the *Blystone* holding without any reference to the location of the

conversation, but instead acknowledges that there was "no constitutional defect in the statute because Blystone had no reasonable expectation of privacy once he chose to disclose his confidence to the informant." Op. at 288. Thus, the location is not a distinguishing factor because it was not a consideration in the original *Blystone* decision.

Regardless of any distinguishing facts between *Blystone* and the instant matter, this case fits squarely within the holding of *Commonwealth v. Rodriguez*, 519 Pa. 415, 548 A.2d 1211 (1988), which in my view controls. In *Rodriguez*, this Court upheld as constitutional the interception of the appellant's conversation with a consenting informant in a private residence. As the majority notes, the record in *Rodriguez* is not clear as to the ownership of the house in which the conversation was recorded. Nevertheless, the appellant had standing to challenge the search of the residence because he was on the premises at the time of the search. *See Commonwealth v. Peterkin*, 511 Pa. 299, 309–10, 513 A.2d 373, 378 (1986), *cert. denied*, 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987) (listing standards for asserting standing to object to an unconstitutional search or seizure); *Commonwealth v. Treftz*, 465 Pa. 614, 351 A.2d 265, *cert. denied*, 426 U.S. 940, 96 S.Ct. 2658, 49 L.Ed.2d 392 (1976). Thus, the situation in *Rodriguez* is indistinguishable from the facts before us today.

A majority of this Court in *Rodriguez* rejected the argument that the government's actions violated Rodriguez's constitutional right to privacy and explicitly relied upon *Blystone* and extended the *Blystone* rationale to a case involving the surreptitious recording of a conversation in a private residence. *Rodriguez*, 519 Pa. at 418, 548 A.2d at 1213. Thus, *Rodriguez* controls the instant matter and compels the conclusion that Brion's constitutional right to privacy is not violated by the Wiretap Act.

Because I believe that the Wiretap Act survives constitutional scrutiny, I need not address the Commonwealth's argument that the good faith exception to the exclusionary rule

should apply for evidence obtained as a result of law enforcement officials' acting pursuant to a duly enacted (but later held to be unconstitutional) statute.[1] The conduct here does not violate the defendant's constitutional or statutory rights, and the evidence was properly admitted.

Accordingly, the Order of the Superior Court should be affirmed and the judgment of sentence reinstated.[2]

PAPADAKOS and CASTILLE, JJ., join in this dissenting opinion.

---

1. However, I must address the disposition of the Commonwealth's argument by the majority. The majority is incorrect in perfunctorily dismissing the Commonwealth's argument based upon *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991). In *Edmunds*, a majority of this Court held that our constitution did not recognize a good faith exception to the exclusionary rule for evidence seized pursuant to a constitutionally defective search warrant. The issue before us today is whether our constitution allows a good faith exception to the exclusionary rule when the evidence was obtained pursuant to a constitutionally defective statute. This issue requires an analysis of related case law, as well as unique issues of state and local concern that relate to the use of evidence obtained through an unconstitutional statute.

2. Assuming for the sake of argument that there exists a heightened expectation of privacy in one's home, nevertheless it is debatable as to whether this case presents an uncontroverted finding that this is a home. The record leaves unanswered the relevant question of whether this defendant was conducting a criminal business enterprise that was open to those members of the public who sought marijuana. Such an enterprise would reduce the defendant's expectation of privacy in the conversations relating to his "business." If indeed the home does present a zone of privacy warranting greater protection with relation to the Wiretap Act, a factual finding of whether this is a home remains necessary.