688 A.2d 205

**COMMONWEALTH of Pennsylvania**

v.

**Eric J. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 3, 1996.

Filed Jan. 9, 1997.

William W. Boyd, Lancaster, for appellant.

Joseph C. Madenspacher, District Attorney, Lancaster, for Com., appellee.

Before CIRILLO, President Judge Emeritus, HOFFMAN, J. and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Eric J. Johnson appeals from a judgment of sentence entered in the Court of Common Pleas of Lancaster County after his conviction for possession with intent to deliver cocaine and criminal conspiracy. We affirm.

In early May of 1992, Johnson began residing with Bridget Cooper, who leased an apartment (apartment # 2) at 35 South Ann Street in Lancaster, Pennsylvania. In June of 1992, a confidential informant contacted Detective Joseph McGuire of the Lancaster County Drug Task Force to report that he had witnessed two unidentified males and a female, named Bridget, dealing cocaine from the 35 South Ann Street address. Detective McGuire equipped the informant with an electronic surveillance device in preparation for a controlled drug buy. The informant subsequently met up with Johnson, Sidney Bannister, and Bridget Cooper, and followed them to 35 South Ann Street. Once the group was inside, Detective McGuire and another detective, Detective Shupp, overheard the drug transaction in progress. The conversation took place in the vestibule of the apartment building in question. The detectives used the recorded conversation to establish probable cause to obtain a search warrant for 35 South Ann Street. Shortly before midnight on July 1, 1992, a search warrant was issued for the second and third floors of 35 South Ann Street.

The detectives' search of the apartment yielded 464 vials of cocaine above a drop ceiling in the laundry room on the second floor. Johnson was subsequently arrested.

Prior to trial, Johnson requested that the evidence seized from the apartment be suppressed. His motion was denied. A jury trial was held before the Honorable Michael J. Perezous and on May 26, 1993, guilty verdicts were returned for possession with intent to deliver and criminal conspiracy. Post-verdict motions were filed on May 27, 1993, which included an allegation that the trial court had erred when it denied Johnson's motion to suppress. Briefs were not submitted on Johnson's motion until November 14, 1995. Citing our supreme court's decisions in *Commonwealth v. Brion*, 539 Pa. 256, 652 A.2d 287 (1994) and *Commonwealth v. Schaeffer*, 539 Pa. 271, 652 A.2d 294 (1994), Johnson claimed in his brief that the police were precluded from sending a confidential informant into his residence to electronically record his conversations. In ordering that Johnson's motion be denied, the trial court submitted an opinion along with a subsequent, supplemental opinion.

In its first opinion, the trial court concluded that Johnson did not have an expectation of privacy in the apartment because he did not live there and, even if he did, the expectation of privacy did not extend into the vestibule area of the apartment building. In its supplemental opinion, the trial court added a further rationale for denying Johnson's motion. Specifically, this court, in the *en banc* case *Commonwealth v. Metts*, 447 Pa.Super. 275, 669 A.2d 346 (1995), *appeal granted*, 544 Pa. 255, 675 A.2d 1238 (1996), held that the Pennsylvania Supreme Court case of *Brion, supra*, was not to be applied retroactively.[1] Johnson was sentenced on February 8, 1996, to seven and one-half to twenty years imprisonment, and was ordered to pay a fine of $30,000.00. This appeal followed.

1. The Pennsylvania Supreme Court has granted petition for allowance of appeal "limited to the issue of whether *Commonwealth v. Brion*, 381 Pa.Super. 83, 552 A.2d 1105 (1989) must be retroactively applied to this case." *Commonwealth v. Metts*, 544 Pa. 255, 255, 675 A.2d 1238, 1239 (1996).

While admitting in the argument portion of his brief that *Metts* does not allow retroactive application of *Brion* and *Schaeffer*, Johnson nonetheless raises the following issue for our consideration:

Whether the warrantless entry of a police informant into Johnson's home while wearing electronic surveillance equipment, and the subsequent use of the recorded conversations between the informant and Johnson in both obtaining a search warrant for the residence and as substantive evidence at trial, warrant an arrest of judgment?

A brief summary of the case law in this area is helpful for background purposes. In *Brion*, the Pennsylvania Supreme Court was faced with the issue of whether police officers were permitted to send an informant into an individual's home to electronically record his conversations and transmit them back to the police without violating Article I, Section 8 of the Pennsylvania Constitution. Brion argued that such a procedure violated Article I, Section 8 of the Pennsylvania Constitution.

Following Brion's conviction of possession and delivery of marijuana, the trial court reversed its suppression ruling and granted a new trial based on this court's *en banc* decision in *Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987). *Schaeffer* held that police officers are required to obtain a search warrant based on probable cause before sending a wired informant into an individual's home. *Id.* at 182, 536 A.2d at 355. *Brion* was subsequently appealed to the Superior Court, where the trial court's grant of a new trial was reversed. Specifically, this court in *Brion* ruled that the *Schaeffer en banc* decision had been overruled *sub silentio* by *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), *aff'd*, 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990).[2]

**2.** In *Blystone*, police officers were able to obtain an audio tape of Blystone confessing to the murder of a hitchhiker; the tape was monitored and recorded while Blystone was in a truck describing the particulars to an informant. Our supreme court held that a warrantless one-party consensual electronic interception does not violate Article I, Section 8 of the Pennsylvania Constitution. *Blystone*, 519 Pa. at 464–66, 549 A.2d at 88.

*Brion* was appealed to the Pennsylvania Supreme Court, where it was consolidated and argued with *Schaeffer*. In reversing this court's decision, the court stated, "[i]n accordance with the analysis articulated by Judge Cirillo in *Schaeffer I,* see 370 Pa.Super. at 207–214, 536 A.2d at 368–372[,] we hold that an individual can reasonably expect that his right to privacy will not be violated in his home through the use of any electronic surveillance." [3]   *Brion,* 539 Pa. at 261, 652 A.2d at 289. The court further stated, "[w]ith respect to oral communications occurring within one's home, interception pursuant to 18 Pa.C.S. § 5704(ii) can only be deemed constitutional under Article I, Section 8 if there has been a prior determination of probable cause by a neutral, judicial authority." *Id.*

While its statement of the law was clear, our supreme court did not dictate whether the ruling in *Brion* would be applied retroactively. As noted previously, the Superior Court, sitting *en banc,* was asked to address the retroactivity of *Brion/Schaeffer* in *Commonwealth v. Metts,* 447 Pa.Super. 275, 669 A.2d 346 (1995), *appeal granted,* 544 Pa. 255, 675 A.2d 1238 (1996). After an extensive review of the relevant criteria regarding prospective and retroactive applicability, this court concluded: **"Applying a modified version of the common law and rejecting a sweeping rule of retroactive application, we conclude that the decision announced in *Brion* is to be prospectively applied and is not applicable to searches and intercepted conversations with occurred prior to December 30, 1994."** *Metts,* 447 Pa.Super. at 295, 669 A.2d at 356 (emphasis added).

In the instant case, Johnson argues that, pursuant to *Brion* and *Schaeffer,* he had a legitimate expectation of privacy in the vestibule of 35 South Ann Street and, as a result, it was improper for the confidential informer to electronically record his conversations. While we agree with Johnson's rationale,

---

**3.** The *Brion* court distinguished its decision in *Blystone, supra,* by pointing out that the police informer in *Blystone* did not enter the defendant's home to electronically record his conversation. *Brion,* 539 Pa. at 260–62, 652 A.2d at 289. "Upon closing the door of one's home to the outside world, a person may legitimately expect the highest degree of privacy known to our society." *Id.*

we are not permitted to apply *Brion* and *Schaeffer* to this case; rather, we are constrained to follow the law set forth in *Metts, supra* (*en banc*). Johnson's intercepted conversation occurred prior to December 30, 1994. The Pennsylvania Supreme Court decisions in *Brion* and *Schaeffer*, therefore, cannot be applied. *Metts, supra.*

Affirmed.