**[J-20-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 18 WAP 2013 |
| | : |
| Appellant | : Appeal from the Order of the Superior |
| | : Court entered February 27, 2013 at No. |
| | : 1046 WDA 2012, affirming the Order of the |
| v. | : Court of Common Pleas of Mercer County |
| | : entered June 8, 2012 at No. |
| | : CP-43-CR-0001291-2011. |
| GERALD M. DUNNAVANT, | : |
| | : ARGUED:   April 8, 2014 |
| Appellee | : |

## OPINION IN SUPPORT OF REVERSAL

**MR. JUSTICE STEVENS**                         **DECIDED: DECEMBER 29, 2014**

Hiding behind the shield of location, in this case a home, should not give a suspect a blank check to invite others into that location to engage in illicit drug deals. Thus, I join the Opinion in Support of Reversal ("OISR") which emphasizes that when an individual voluntarily exposes his own criminal activity to another person, regardless of where the disclosure occurred, the risk is on that individual that the information may be revealed to the authorities.

Just as the criminal element recognize the importance of and take advantage of technological advances, so must law enforcement be permitted to take advantage of technological advances in meeting its responsibilities under the law.   I write separately to express my view that Commonwealth v Brion, 539 Pa. 256, 652 A.2d 287 (1994) should not be the current state of law in Pennsylvania.   It should not matter whether the police sent the confidential informant (CI) to the defendant's home wearing a wire or whether the police sent the CI to a street corner; either way, if the CI is invited into the suspect's

residence to conduct illicit business, the evidence should be admissible. The expectation of privacy is lost when the suspect voluntarily exposes his illicit activities regardless of where it occurs and regardless if the police deliberately sent the informant to the home or not. The invitation by the suspect into the home should be the controlling factor.