2016 PA Super 269

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DENNIS ANDREW KATONA, | : | No. 1995 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 10, 2014,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-CR-0002549-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

OPINION BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 02, 2016**

Dennis Andrew Katona appeals from the November 10, 2014 judgment of sentence from the Court of Common Pleas of Westmoreland County following his conviction for two counts each of possession with intent to deliver ("PWID") and possession of a controlled substance.[1]   This case presents an issue of first impression, which we are confident will ultimately be resolved by the Pennsylvania Supreme Court or the legislature.  As for our review, we vacate and remand.

Appellant's charges were the result of the execution of a search warrant at his home on June 29, 2011.  Following the denial of his motion to

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

suppress the contraband discovered in the search, appellant was convicted of the aforementioned offenses on November 10, 2014. That same day, the trial court sentenced appellant to an aggregate term of 40 to 80 months' imprisonment. On November 20, 2014, appellant filed a motion to modify his sentence, which the trial court denied on November 24, 2014. On December 8, 2014, appellant filed a timely notice of appeal. On December 19, 2014, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order on January 13, 2015. Thereafter, on February 11, 2015, the trial court issued an opinion in support of its order denying appellant's motion to suppress evidence. On February 13, 2015, the trial court issued an opinion pursuant to Rule 1925(a).

On appeal, appellant raises the following issues for our review:

I. Whether the June 29, 2011 search warrant for appellant's home was rendered invalid because it relied almost exclusively on an order or search warrant as described in **Commonwealth v. Brion**, [652 A.2d 287 (Pa. 1994),] and as codified in 18 Pa.C.S.[A.] § 5704(2)(iv) which order or warrant allowed for, **inter alia**, unlimited intercepts over a period of thirty days, as opposed to allowing only a single intercept?

II. Whether the June 29, 2011 search warrant was invalid because it failed to meet the specific requirements of an anticipatory warrant?

III. Whether the Commonwealth presented insufficient evidence of possession to sustain the conviction against appellant?

Appellant's brief at 3 (capitalization omitted).

The crux of appellant's suppression claim is whether the June 29th search was unconstitutional because it was based on a May 16, 2011 order signed by Judge John Blahovic that authorized consensual intercepts by a confidential informant ("CI") over a 30-day period in appellant's home. Specifically, as a result of numerous in-home intercepts, probable cause was established for the full search of appellant's home. Appellant asserts that the May 16th order violated our Supreme Court's decision in **Brion**, in that it allowed for unlimited intercepts in his home over a period of 30 days. (**See** appellant's brief at 17-34.)

Our standard of review in addressing a challenge to the denial of a motion to suppress is as follows:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to

the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Best***, 120 A.3d 329, 346 (Pa.Super. 2015), quoting ***Commonwealth v. Perel***, 107 A.3d 185, 188 (Pa.Super. 2014), ***appeal denied***, 124 A.3d 309 (Pa. 2015) (citations omitted).

Both the United States Constitution and the Pennsylvania Constitution guarantee that individuals shall not be subject to unreasonable searches or seizures.

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. Art. I, § 8.

> Evidence obtained as a result of an unlawful search is subject to the fruit of the poisonous tree doctrine. The United States Supreme Court has stated that any material, tangible, or verbal evidence "obtained either during or as a direct result of an unlawful invasion" is inadmissible at trial. ***Wong Sun v. United States***, 371 U.S. 471, 485 (1963).

Our supreme court further stated:

> We need not hold that all evidence is "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."
>
> ***Commonwealth v. Cunningham***, 370 A.2d 1172, 1176-1177 (Pa. 1977), quoting ***Wong Sun***, 371 U.S. at 487-488.

***Commonwealth v. Loughnane***, 128 A.3d 806, 815 (Pa.Super. 2015).

Both appellant and the Commonwealth cite and discuss the seminal case of ***Brion***. In ***Brion***, our Supreme Court considered a case in which an informant agreed to wear a body wire when he purchased marijuana from Mr. Brion in his home. ***Brion***, 652 A.2d at 287. The use of the informant wearing the wire was approved by the Lycoming County First Assistant District Attorney, but was not approved by any judicial authority. ***Id.*** This court reversed the trial court's order granting Mr. Brion a new trial. ***Id.*** at 288.

Our Supreme Court subsequently reversed this court, stating the controlling issue as follows:

> [W]hether, under the Pennsylvania Constitution, the police can send a confidential informer into the home of an individual to electronically record his conversations and transmit them back to the police.

- 5 -

> Because the right to privacy in one's domain is sacrosanct, we hold that Article 1 § 8 of the Pennsylvania Constitution precludes the police from sending a confidential informer into the home of an individual to electronically record his conversations.

*Id.* at 287.

While recognizing that 18 Pa.C.S.A. § 5704 of the Pennsylvania Wiretap Act ("the Act") specifically allows for consensual intercepts without prior court approval, the **Brion** court reasoned as follows:

> In accordance with the analysis articulated by Judge Cirillo in **Schaeffer I**, see 370 Pa.Super. at 207-214, 536 A.2d at 368-372 we hold that an individual can reasonably expect that his right to privacy will not be violated in his home through the use of any electronic surveillance.  In so holding, . . . . "[A] reasonable construction of the Act allows the conclusion that the General Assembly's exemption of participant monitoring from the prohibitions and requirements of the Act was not necessarily a legislative declaration that the practice was free of state constitutional constraints as well." 370 Pa.Super. at 185, 536 A.2d at 357.  With respect to oral communications occurring within one's home, interception pursuant to 18 Pa.C.S. § 5704(2)(ii) can only be deemed constitutional under Article 1, Section 8 if there has been a prior determination of probable cause by a neutral, judicial authority.

*Id.* at 289 (some citations omitted).

The General Assembly later codified the **Brion** court's holding.

> **§ 5704.    Exceptions to prohibition of interception and disclosure of communications**
>
> It shall not be unlawful and no prior court approval shall be required under this chapter for:

. . . .

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activities . . . where:

. . . .

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be initiated, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception . . .

. . . .

(iv) . . . If an oral interception otherwise authorized under this paragraph will take place in the home of a nonconsenting party, then, in addition to the requirements of subparagraph (ii), the interception shall not be

conducted until an order is first obtained from the president judge, or his designee who shall also be a judge, of a court of common pleas,[2] authorizing such in-home interception, based upon an affidavit by an investigative or law enforcement officer that establishes probable cause for the issuance of such an order. No such order or affidavit shall be required where probable cause and exigent circumstances exist. For the purposes of this paragraph, an oral interception shall be deemed to take place in the home of a nonconsenting party only if both the consenting and nonconsenting parties are physically present in the home at the time of the interception.

18 Pa.C.S.A. § 5704(2)(ii), (iv).

In the instant matter, a CI consented to wear a wire for the purposes of recording conversations and transactions with appellant. Pursuant to the statute, Deputy Attorney General Michael M. Ahwesh, as designated by the Attorney General, applied for an order with the trial court authorizing the consensual interception of oral communications between the CI and

---

[2] Although the **Brion** court suggested that the order be obtained from the Superior Court as this court has original jurisdiction over non-consensual applications, the legislature opted for requesting the order from the Court of Common Pleas.

appellant in appellant's home. In an order dated May 16, 2011, the trial court granted the Commonwealth's request, permitting the interceptions of communications between appellant and the CI over a 30-day period. The relevant text of the order reads as follows[3]:

1. Intercept conversations between Jasup Hoffman and Dennis Katona which may occur between the date of this Order and thirty (30) days thereafter, at the residence of Dennis Katona or at any other location within Westmoreland County where Dennis Katona may have an expectation of privacy such as one would have in one's own home. The type of communications to be intercepted will concern the commission of offenses involving violations of the Controlled Substance, Drug, Device & Cosmetic Act, Corrupt Organization and conspiracy to commit said offenses, in violation of Section 903 of the Crimes Code, 18 Pa. C.S. § 903.

2. Engage in such consensual interception pursuant to Section 5704(2)(IV) of the Act, 18 Pa. C.S. § 5704(2)(IV), based upon the facts contained in the Application and Affidavit establishing probable cause to believe that additional communications of the same type may be obtained thereafter, and due to the character of the investigation, such interception need not automatically terminate when the type of communication described above in paragraph (1) has first been obtained

---

[3] It should be noted that a 30-day period is the permissible length of a non-consensual interception under Section 5710 of the Act. Additionally, unlike the lack of restrictions under Section 5704, non-consensual intercepts are presented to this court's general jurisdiction and require a myriad of safeguards, such as establishing that other means to gather evidence are unavailable or too risky, requiring periodic progress reports be made to the authorizing judge, minimizing intercepts of unrelated conversations and ceasing interception at the earliest time once evidence is gathered.

> but may continue intercepting such conversations with the consent of the participant until communications are intercepted which establish and reveal the complete manner in which Dennis Katona and others either known or as yet unknown, conduct the criminal enterprise in violation of the criminal offenses set forth above and the identities of confederates, places and manner of operation, and the nature of the conspiracy involved therein, or at diverse times during the period of thirty (30) days from the date of this order.

Trial court order, 5/16/11 at 4-5. The Commonwealth sought, and the trial court granted, extensions of the trial court's original order.

The **Brion** issue presented in this appeal is whether a separate finding of probable cause was required each time the CI intercepted a conversation with appellant in his home or whether permitting unlimited intercepts over a 30-day period was constitutional. We find that, based on a clear reading and the intent of both the **Brion** decision and the statute, a separate finding of probable cause was required for each in-home intercept. The probable cause requirement addressed in **Brion** was very much in the nature of a search warrant with all of its attendant protections. Although an order issued by an independent judicial authority is all that is required by Section 5704(2)(iv), the rationale underlying the **Brion** decision is no less important. Tellingly, the order signed by Judge Blahovic clearly disregards the very purpose and framework of **Brion**'s constitutional analysis.

We further recognize that the legislature did not set a period of time for intercepts in Section 5704(2)(ii). However, we cannot ignore that the amendment to the statute was specifically drafted to incorporate the decision in **Brion**. Certainly, the **Brion** court did not anticipate that a "prior determination of probable cause by a neutral judicial authority" for an intercept taking place in the "sanctity of one's home" could continue for 2 weeks, 30 days, or even indefinitely. Additionally, the Commonwealth has failed to assert that applying for additional orders based on probable cause to intercept conversations each time the CI entered appellant's home throughout the 30-day period would have been burdensome or onerous.

The Commonwealth argues that interception orders should remain in effect over an extended period of time because Section 5704 (2)(ii) does not "set forth a specific length of time during which the consent of the CI remains viable." (Commonwealth's brief at 7-8.) The consent of the CI, however, is not the issue in this case. The issue is whether the interception order can remain in effect over an extended period of time, allowing for unlimited interceptions to occur in appellant's home without any additional determination of probable cause that incriminating conversations will occur upon each entry. Pursuant to **Brion**'s clear intent, probable cause determinations lack constitutional grounding when based upon unfettered wire-interception orders spanning an extended duration of time and, therefore, cannot stand.

Our holding is also based on the level of privacy an individual can expect during a face-to-face conversation within the confines of his or her home that is subject to interception under Section 5704. Both the United States Constitution and the Pennsylvania Constitution recognize the enhanced expectation of privacy afforded to an individual inside his or her home. *See e.g.*, *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring) (recognizing that activities taking place inside the home not within the "plain view of outsiders" are entitled to Fourth Amendment protection); *Commonwealth v. Dunnavant*, 107 A.3d 29, 31-32 (Pa. 2014) (*per curiam*) (Todd, J., in support of affirmance) ("We have long recognized the sanctity of the home in this Commonwealth as we have repeatedly stated that '[u]pon closing the door to one's home to the outside world, a person may legitimately expect the highest degree of privacy known to our society.'"), quoting *Commonwealth v. Bricker*, 666 A.2d 257, 261 (Pa. 1995) (citations omitted).

Our Supreme Court considered a similar issue in *Commonwealth v. Rekasie*, 778 A.2d 624 (Pa. 2001). The *Rekasie* court determined that an individual holds more of an expectation of privacy during a face-to-face conversation within the individual's home as compared to a telephone conversation. *Rekasie*, 778 A.2d at 631-632.

> Qualitatively different than a face-to-face interchange occurring solely within the home in which an individual reasonably expects privacy and can limit the uninvited ear, on a telephone call, an

> individual has no ability to create an environment in which he or she can reasonably be assured that the conversation is not being intruded upon by another party. On the telephone, one is blind as to who is on the other end of the line. Thus, while society may certainly recognize as reasonable a privacy expectation in a conversation carried on face-to-face within one's home, we are convinced society would find that an expectation of privacy in a telephone conversation with another, in which an individual has no reason to assume the conversation is not being simultaneously listened to by a third party, is not objectively reasonable.

*Id.* at 632. Because society places a higher expectation of privacy in a face-to-face conversation taking place within an individual's home compared to a telephone conversation, a 30-day period of time in which to obtain such in-home intercepted communications does not comport with the protections afforded by the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution.

We, therefore, hold that, because the General Assembly did not enumerate any time restrictions regarding how long an order authorizing the interception of communication involving a consenting party is to remain in effect, such an order is subject to the same probable cause determinations as a traditional search warrant in order to maintain the level of privacy citizens of this Commonwealth have always come to expect with face-to-face communications within their own homes. Accordingly, any evidence obtained as a result of the intercepted conversations, and the subsequent search warrant issued on June 29, 2011, should have been suppressed.

Therefore, we are constrained to vacate appellant's judgment of sentence and remand for a new trial.

Any discussion of appellant's second and third issues on appeal is not necessary, as the issues are now moot. As noted, we are cognizant of the fact that this court will not be the final word on this issue. We strongly advocate that our Supreme Court review this case and determine whether our interpretation is in line with its seminal decision in **Brion**. We recognize this decision has broad ramifications for law enforcement.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Shogan, J. joins this Opinion.

Strassburger, J. files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016

- 14 -