J-A04019-16

2016 PA Super 269

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DENNIS ANDREW KATONA, :
:
Appellant : No. 1995 WDA 2014

Appeal from the Judgment of Sentence November 10, 2014
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002549-2011

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,* JJ.

DISSENTING OPINION BY: STRASSBURGER, J: **FILED DECEMBER 02, 2016**

I disagree with the Majority's determination that **Brion** requires orders authorizing consensual interceptions to be "subject to the same probable cause determinations as a traditional search warrant" in order to maintain the level of privacy reasonably expected in face-to-face communications in one's home. Majority Opinion at 13. Accordingly, I respectfully dissent.

As the Majority correctly notes, our General Assembly codified our Supreme Court's holding in **Brion** at 18 Pa.C.S. § 5704. Under that Section, the requirements the Commonwealth must satisfy to obtain an order authorizing a consensual interception are far less stringent than those which must be satisfied in order to obtain a non-consensual 30-day wiretap. In creating these new standards, the legislature had the opportunity to impose a strict timeframe with respect to consensual interceptions. It did not do so.

*Retired Senior Judge assigned to the Superior Court.

The Majority holds that the **Brion** court "did not anticipate that a prior determination of probable cause by a neutral judicial authority for an intercept taking place in the sanctity of one's home could continue for 2 weeks, 30 days or even indefinitely." Majority Opinion, at 13 (quotation marks omitted). There is nothing in **Brion** to support this contention. Rather, the **Brion** Court was well aware of controlling precedent surrounding probable cause determinations and the timeframes in which the Commonwealth was bound to execute nonconsensual wiretaps[1] and failed to place a limit on the applicable timeframe for consensual interception orders.

Further, the Majority concluded that the Commonwealth has "failed to assert that applying for additional orders based on probable cause to intercept conversation each time the CI entered appellant's home throughout the 30-day period would have been burdensome or onerous." **Id.** The situation speaks for itself. The purpose of consensual interceptions is to add credibility to an investigation by recording the target's own words. This should happen organically, in the course of normal conversation between the CI and the target. Interruptions in the CI's interaction with the target so the

---

[1] The **Brion** court specifically referenced the Wiretap Act in making its pronouncement and had the opportunity to outline an applicable timeframe and procedure for determining probable cause in these cases. "With respect to oral communications occurring within one's home, interception pursuant to 18 Pa.C.S. § 5704(2)(ii) can only be deemed constitutional under Article 1, Section 8 if there has been a prior determination of probable cause by a neutral, judicial authority." **Brion**, 652 A.2d 287, 289 (Pa. 1994).

Commonwealth can obtain a new authorization could serve to hinder the investigation and compromise the safety of the CI. Suppose a CI is staying in the target's home. If the CI leaves for an hour to go to the store, or for 30 minutes to walk the dog, must the Commonwealth get a new authorization each time the CI re-enters the home? Imposition of the rules for search warrants, including a 48-hour execution period, is unnecessarily restrictive and imposes a burden on the Commonwealth not intended by the legislature, or outlined by the Supreme Court. The burden is especially harsh when one considers the fact that the General Assembly, even after consideration of the privacy arguments outlined in **Brion**, enacted a statute with less stringent requirements for obtaining consensual orders. Had the legislature intended to impose a particular timeframe, it would have done so.

Nonetheless, for practical purposes, guidelines for the timing of consensual interceptions must be considered. Consistent with the purpose, legislative requirements and practical execution of consensual interception orders, I believe the president judge authorizing such an order is in the best position to determine an appropriate timeframe for its execution. In my view, the applicable timeframe in which to execute a consensual order should be more than, or at least equal to, that imposed for nonconsensual interceptions.

Here, following the submission of an affidavit of probable cause, the trial court granted the Commonwealth's request for a 30-day order, as well

as the Commonwealth's requests for extensions of the original order. Because I believe such an order was properly within the discretion of the trial court, I would uphold the court's ruling denying suppression and affirm Appellant's judgment of sentence.