City of Cincinnati, Appellee, *v.* Bunch, Appellant.

(No. 11520—Decided December 20, 1971.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. William P. Whalen, Jr.,* for appellee.
*Mr. Allen Brown,* for appellant.


Hess, P. J. This is an appeal from the conviction of the defendant, appellant herein, in the Hamilton County Municipal Court for the alleged violation of R. C. 2921.05, entitled "Desecrating flag of this state or the United States" which, in its pertinent part, provides as follows:

"No person shall * * * have in possession an article of merchandise upon which is placed or attached a contemptuous representation of such flag * * * or publicly * * * defile, deface, trample upon, or otherwise cast contempt upon such flag * * *." The affidavit herein specifically charges that the defendant "did unlawfully publicly defile the flag of the United States."

The corrected narrative bill of exceptions presents the following facts:

On the 14th day of July, 1970, the defendant-appellant, hereinafter referred to as defendant, was walking on Fifth Street in the city of Cincinnati, Ohio, and had in his possession a flag of the United States of America which was folded and tied in the nature of a knapsack that enclosed

certain items of personal property. The defendant stopped on Fountain Square, a public park area adjacent to Fifth Street, where he spread the flag out on the ground and placed his personal property on top of it. He was arrested and charged as stated by the police officer.

When the defendant was brought to trial, he waived a jury and entered a plea of "no contest." He testified that he was carrying the flag in memory of his friends in Vietnam and had not physically damaged the flag in any way.

Motions to dismiss were presented by the defendant at the end of the presentation of facts by the prosecutor, at the end of the defendant's case, and on final arguments. All of these motions were properly overruled.

In his appeal, the defendant presents the following four assignments of error which we will consider in the order of their number.

1. The lower court erred when it overruled defendant's timely motion to dismiss on the ground that Ohio Revised Code Section 2921.05 is unconstitutional in that it prohibits freedom of expression guaranteed by the first amendment.

2. The lower court erred when it overruled defendant's timely motion to dismiss on the ground that the wording 'or otherwise cast contempt upon such flag, standard, color, or ensign' as contained in Ohio Revised Code Section 2921.05 is unconstitutionally vague, indefinite and overbroad.

3. The lower court erred when it overruled defendant's timely motion for dismissal, for carrying a bundle of clothes in an American flag and placing that flag on the ground without any evidence of intent to cast contempt upon the flag is not violative of Ohio Revised Code Section 2921.05.

4. The lower court erred when it overruled defendant's timely motion for dismissal, for the defendant's act does not fall under the letter or the purpose of the statute in that the flag was not an article of merchandise nor was it physically defaced or destroyed.

In alleged error number one, the defendant claims his

action in spreading the American flag on the ground and placing personal articles on it was an expression of freedom which is permitted by the first amendment of the Constitution of the United States.

In the instant case, the defendant was charged with defiling the flag. To "defile" means to debase, violate, pollute, sully, tarnish or dishonor. The defendant was not charged with using the American flag as a knapsack. He was charged with and convicted of defiling the flag by using it as a rug to display his personal property. Subjecting the flag to pollution, desecration and tarnishment, instead of utilizing other personal property he displayed, cannot be considered a freedom of expression as contemplated by the first amendment.

Statutes in keeping with R. C. 2921.05 have been held constitutional by the United States Supreme Court in *Halter* v. *Nebraska,* 205 U. S. 34.

For the reasons given, we find assignment of error number one to be without merit.

Assignment of error number two claims defendant's motion to dismiss should have been granted for the reason that the words "or otherwise cast contempt on such flag, standard, color or ensign," as contained in R. C. 2921.05, are vague, indefinite, overbroad, and thus unconstitutional.

We find there is no vagueness in the word defile. Furthur, in *State* v. *Saionz,* 23 Ohio App. 2d 79, the court interpreted the words "otherwise cast contempt" to mean "acts of physical destruction or abuse similar in nature to acts of mutilation, burning, destroying, defiling, defacing or trampling upon." (Pages 82 and 83.) Interpreted in light of this case, R. C. 2921.05 sets forth a definable standard and is therefore not unconstitutional. For the reasons given, we find assigned error number two has no merit.

In assignment of error number three, the defendant claims his motions to dismiss should have been granted on the ground that carrying a bundle of clothes in an American flag and placing that flag on the ground with-

out evidence of intent to cast contempt upon the flag is not violative of R. C. 2921.05.

The defendant was not charged with carrying his personal property in a bag or knapsack. He was charged with defiling the flag. As to the intention of the defendant, the court must determine intent from the actions of the person charged. Although R. C. 2921.05 does not require that intent be proven, the evidence is sufficient to prove the defendant defiled the flag in question. For the reasons presented concerning this and the preceding assignments of error herein, we find that assignment of error number three is without merit.

The fourth assignment of error is based upon the assumption that the acts of the defendant do not fall under the letter or purpose of R. C. 2921.05, in that the flag was not an article of merchandise, nor was it physically defaced or destroyed. There is no charge in the affidavit that the flag was defaced, destroyed or considered as merchandise. For the reasons discussed, it follows that the fourth assignment of error is without merit.

It is, therefore, ordered by the court that the judgment of the Hamilton County Municipal Court be, and the same hereby is, affirmed.

*Judgment affirmed.*

YOUNG and SHANNON, JJ., concur.