666 A.2d 257

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dawn M. BRICKER, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 24, 1995.

Decided Sept. 29, 1995.

236

H. Stanley Rebert, Joseph Adams, York, for Appellant.

Alene C. Singewald, Laurel, MD, for Appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

MONTEMURO, Justice.

This is an appeal from an order of the Court of Common Pleas of York County (Uhler, J.) granting Appellee Dawn Bricker's motion to quash the charge of desecration of the flag upon finding 18 Pa.C.S. § 2102(a) unconstitutional. We accepted jurisdiction of this direct appeal pursuant to 42 Pa.C.S. § 722(7).

.

The sole issue presented in this appeal is whether 18 Pa.C.S. § 2102 defining the criminal offense of desecration of the flag is an unconstitutional restraint on the First Amendment right to freedom of speech as written or as applied in this case.

The facts of this case are as follows. On July 10th, 1993, Trooper Brian Travis arrived at the apartment of Appellee in order to effect the service of traffic warrants. Travis knocked on the front door, but received no answer. The Trooper contacted Appellee's landlord who verified that Appellee was on the premises. Trooper Travis also noticed Appellee's automobile in front of the building indicating her presence in the apartment.

Upon assistance of the landlord, the Trooper entered the apartment and proceeded into the second room of the apartment through a doorway surrounded by an American flag which provided decorative drapery. In the bedroom, Trooper Travis encountered the Appellee, who was permitted to dress alone in order to be taken to the state police barracks for effecting the traffic warrant arrest.

After exiting the bedroom, the trooper noticed a 3′ × 5′ American flag positioned inside the apartment near the front door. The Trooper noticed that the flag appeared to be dirty and wrinkled and had several pairs of shoes on top of it. The trooper described the flag as being positioned so that the five-foot length would be parallel with the door frame. Based on these observations, Appellee was arrested and charged with desecrating the flag under 18 Pa.C.S. § 2102(a).

Appellee filed a motion to quash the charge of desecration of the flag. At a hearing on this motion, Ms. Bricker testified that she would move the flag in front of the door as a decoration piece after those who were entering gained access. She also testified that by virtue of the carpeting at the doorway, maintaining the flag in front of the door as a "doormat" as suggested by the Commonwealth would cause it inevitably to rumple against the doorway when the door was opened. Despite disagreeing with the actual position of the

flag, Ms. Bricker admitted that she kept shoes on the edge of the flag. Ms. Bricker denied that the flag was placed on the floor as a doormat. Instead, she stated that it was "[a] decoration for people to see whenever they came in." Transcript of Proceedings (12/17/93) at 17. Ms. Bricker specifically denied that the flag was placed on the floor as part of a protest or because she was "mad about anything America was doing." *Id.* at 20. The Commonwealth also asked about a second flag that was hanging in the apartment. Ms. Bricker testified that flag was also a "decoration." *Id.*

The trial court found that a motion to quash was not the appropriate procedure because the case presented factual issues which were questions for the jury. However, the court held that 18 Pa.C.S. § 2102(a), our flag desecration statute, was an unconstitutional restraint on First Amendment freedom of speech. The Commonwealth appealed to this court pursuant to 42 Pa.C.S. § 722(7), which allows a direct appeal whenever a court of common pleas holds a statute unconstitutional.

The Pennsylvania flag desecration statute is found at 18 Pa.C.S. § 2102 and states in part:

(a) A person is guilty of a misdemeanor of the third degree if, in any matter, he:

(4) publicly or privately mutilates, defaces, defiles, or tramples upon or casts contempt in the manner on any flag.

(b) Exception:

(4) To any patriotic or political demonstration or decorations

18 Pa.C.S. § 2102(a).

In considering the constitutionality of this statute, we must necessarily begin with the recent pronouncements on this subject by the United States Supreme Court. In *Texas v. Johnson*, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989), Respondent Gregory Lee Johnson participated in a demonstration near the 1984 Republican National Convention in Dallas, Texas. At the end of the demonstration, Johnson

unfurled an American flag, doused it with kerosene, and set it on fire while fellow protestors chanted anti-American slogans. Johnson was arrested and charged with desecrating a venerated object in violation of the Texas Penal Code. He was later convicted on this charge. On appeal, Johnson challenged his conviction on the grounds that it violated his First Amendment right to freedom of speech. The United States Supreme Court held that burning the flag as part of a political demonstration was expressive conduct within the protections of the First Amendment. *Johnson*, 491 U.S. at 405–06, 109 S.Ct. at 2540. The Court then held that the Texas statute was unconstitutionally applied to Johnson because the government failed to advance any interest unrelated to restricting expression. *Id.* at 407–413, 109 S.Ct. at 2541–44. The court rejected Texas' claim that its interest in preventing breaches of the peace justified Johnson's conviction. The Court noted that "no disturbance of the peace actually occurred or threatened to occur because of Johnson's burning of the flag." *Id.* at 408, 109 S.Ct. at 2541. The Court also rejected Texas' claimed interest in preserving the flag as a symbol, holding that the government's interest in preserving the flag's special symbolic value is directly related to expression. *Id.*

The United States Supreme Court was once again confronted with this question in *United States v. Eichman*, 496 U.S. 310, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990). In response to the United States Supreme Court's decision in *Johnson*, the United States Congress enacted the Flag Protection Act of 1989. To challenge this statute, several people knowingly set fire to several American flags while protesting the government's domestic and foreign policy and the passing of the federal flag desecration statute. The protesters were prosecuted under the provisions of the federal act. In each case, the trial court held that the federal act was unconstitutional. On appeal to the United States Supreme Court, the Government argued that the federal act was constitutional because, unlike the statute in *Johnson*, the act did not target expressive conduct on the basis of the content of its message. Instead, the Government asserted an interest in " 'protect[ing]

240 the physical integrity of the flag under all circumstances' in order to safeguard the flag's identity 'as the unique and unalloyed symbol of the nation.'" *Eichman*, 496 U.S. at 315, 110 S.Ct. at 2408 (quoting Brief for United States 28, 29). The Court rejected this interest as related to the suppression of free expression. *Eichman*, 496 U.S. at 315, 110 S.Ct. at 2407. The Court explained that "[I]f we were to hold that a State may forbid flag burning wherever it is likely to endanger the flag's symbolic role, but allow it whenever burning a flag promotes that role ... we would be ... permitting a state to 'proscribe what shall be orthodox'...." *Id.* at 317, 110 S.Ct. at 2409 (quoting *Johnson*, 491 U.S. at 416–17, 109 S.Ct. at 2546). Accordingly, the Court held that the federal act was unconstitutionally applied to the defendants. *Eichman*, 496 U.S. at 312, 110 S.Ct. at 2406.

 Thus, these cases unequivocally stand for the proposition that the government may not penalize the desecration of the flag when that desecration is made as part of a political demonstration. However, our flag desecration statute is distinguished from those found in *Johnson* and *Eichman*. Section 2102 explicitly exempts from punishment any desecration done as part of "any patriotic or political demonstration or decorations." 18 Pa.C.S. § 2102(a)(4)(b)(4). Thus, our flag desecration statute, as written, passes constitutional muster under the holdings of *Johnson* and *Eichman* with regard to political demonstrations.

The instant case presents an issue not directly decided by the United States Supreme Court in either *Johnson* or *Eichman* nor specifically addressed by Section 2102. Here, Ms. Bricker's act of desecration was not part of any political demonstration. Rather, Ms. Bricker explicitly stated that her treatment of the flag was not a statement of displeasure with the government or any of its policies. Transcript of Proceedings (12/17/93). Further, she testified that the placement of the flag was not intended as a doormat. *Id.* Instead, Ms. Bricker asserted that the flag was a decoration in her apartment. *Id.* Thus, the discreet question we must decide today

is whether Appellee's non-political, decorative use of the flag may be constitutionally punishable under Section 2102.

■ The threshold question in our inquiry is whether Ms. Bricker's use of the flag is expression within the protections of the First Amendment. The Commonwealth argues that Appellee's conduct is not expressive because, by her own admission, it did not convey any political message. In contrast, Ms. Bricker asserts that her placement of the flag was an artistic expression. It is well established that the protections of the First Amendment "do[ ] not end at the spoken and written word." *Johnson*, 491 U.S. at 404, 109 S.Ct. at 2539. However, conduct cannot be labeled speech "whenever the person engaging in the conduct intends to express an idea." *Id.* (quoting *United States v. O'Brien*, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968)). Rather, only that conduct "sufficiently imbued with the elements of communication" falls within the scope of the First Amendment. *Johnson*, 491 U.S. at 404, 109 S.Ct. at 2539 (quoting *Spence v. Washington*, 418 U.S. 405, 409, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974)).

■■ Within the above-stated general principles, the United States Supreme Court has long recognized that artistic expression comes within the protections of the First Amendment. It is clear that the First Amendment does not protect only political speech as "the rights of free speech and a free press are not confined to any field of human interest." *United Mine Workers v. Illinois Bar Asso.*, 389 U.S. 217, 223, 88 S.Ct. 353, 357, 19 L.Ed.2d 426 (1967) (quoting *Thomas v. Collins*, 323 U.S. 516, 531, 65 S.Ct. 315, 323, 89 L.Ed. 430 (1945)). Expression about philosophical, social, artistic, economic, literary, or ethical matters is entitled to full protection under the First Amendment. *Abood v. Detroit Board of Education*, 431 U.S. 209, 231, 97 S.Ct. 1782, 1797, 52 L.Ed.2d 261 (1977). Art, like other forms of expression, may constitute speech for First Amendment purposes. *Serra v. General Services Administration*, 847 F.2d 1045, 1045 (2d Cir.1988); *Piarowski v. Illinois Community College*, 759 F.2d 625 (7th Cir.1985), *cert. denied*, 474 U.S. 1007, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985).

Appellee contends that her display of the flag in the privacy of her own home is a form of expression entitled to First Amendment protections. Recently, in *Barnes v. Glen Theatre Inc.*, 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), the United States Supreme Court held that nude go-go dancing was "expressive conduct within the outer perimeters of the First Amendment" although "only marginally so." *Id.* at 565, 111 S.Ct. at 2460. The Court reached its conclusion while recognizing that nude dancing involved the "barest minimum of protected expression." *Id.* Likewise, we believe that Ms. Bricker's display of the flag as a decoration within the privacy of her home is constitutionally protected expression, if only within the outer perimeters of the First Amendment. Indeed, some might argue that there are few forms of self-expression as personal and important as the manner in which we decorate our homes. We have long recognized the sanctity of the home in this Commonwealth as we have repeatedly stated that "[u]pon closing the door to one's home to the outside world, a person may legitimately expect the highest degree of privacy known to our society." *Commonwealth v. Brion*, 539 Pa. 256, 260, 652 A.2d 287, 289 (1994) (quoting *Commonwealth v. Shaw*, 476 Pa. 543, 550, 383 A.2d 496, 499 (1978)). Clearly, there is no precise constitutional calculus as to what constitutes constitutionally protected expression. However, we believe that the government must satisfy constitutional scrutiny before it can tell the citizens of this Commonwealth what pictures they may hang on their walls or what symbols they may display in the sanctity of their homes. We recognize that Ms. Bricker's display of the flag is not "high art" such as a display of decorative arts found in a fine art museum. However, we believe that the Constitution applies to "low art" as well as "high art." As Justice White wrote in his Concurring Opinion in Barnes: "[W]hile the entertainment afforded by a nude ballet at Lincoln Center to those who can pay the price may differ in content (as viewed by judges) or in quality (as viewed by critics), it may not differ in substance from the dance viewed by the person who ... wants some 'entertainment' with his beer or shot of rye." *Barnes*, 501 U.S. at 594, 111 S.Ct. at 2475 (White, J. concurring) (quoting *Salem Inn*,

*Inc. v. Frank,* 501 F.2d 18, 21, n. 3 (2nd Cir.1974), *aff'd in part, Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)). Accordingly, we find that Ms. Bricker's display of the flag within the privacy of her own home is constitutionally protected expression within the meaning of the First Amendment.

 Our inquiry does not end with the finding that Ms. Bricker's display of the flag is expression within the meaning of the First Amendment. Governmental regulation of expressive conduct is governed by the four part test found in *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). Under *O'Brien,* governmental regulation of expressive conduct is justified "if it is within the constitutional power of the government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *Id.* at 376–77, 88 S.Ct. at 1678–79. Thus, the Commonwealth's application of Section 2102 to Ms. Bricker's display of the flag must undergo scrutiny under the *O'Brien* test. Most important, in this context, is the requirement that the Commonwealth present an interest in regulating expression unrelated to the suppression of free expression. The only interests advanced by the Commonwealth in regulating Ms. Bricker's conduct are "to defend the physical integrity of the flag", Appellant's Brief at 13, and "to protect the symbolic value of the flag", *Id.* at 14. These are the identical interests that the *Johnson* and *Eichman* Courts explicitly found related to the suppression of free expression under the third prong of *O'Brien. See Eichman,* 496 U.S. at 316, 110 S.Ct. at 2408 ("the Government's desire to preserve the flag as a symbol for certain national ideals is implicated only when a person's treatment of the flag communicated [a] message"); *Johnson,* 491 U.S. at 410, 109 S.Ct. at 2542 (government's interest in preserving the flag's special symbolic value is directly related to expression). In reiterating these identical interests twice rejected by the Supreme Court, the Commonwealth has failed to provide any interest

unrelated to suppressing free expression.[1] Therefore, the Commonwealth's regulation of Ms. Bricker's conduct under Section 2102 fails the test set forth in *O'Brien* and is unconstitutional under the First Amendment. Our decision today is compelled by the United States Constitution and the decisions of the United States Supreme Court. We in no way endorse the shoddy and disrespectful treatment of the American flag by Ms. Bricker. We are mindful of the fact that the flag is an important symbol to millions of Pennsylvanians, particularly those who fought for it in our nation's armed forces. Indeed, our Commonwealth has a unique relationship with the flag as it was here, tradition holds, that a Pennsylvanian, Ms. Betsy Ross, designed the first flag. Despite this long and deserved place of honor for the flag in this Commonwealth, we cannot find that Ms. Bricker's private display of the flag in her own home merits criminal sanction. Tolerance of Ms. Bricker's disrespectful treatment of the flag is what separates this nation from those that routinely punish dissident voices for the smallest infractions against the national orthodoxy. Instead, we agree with the United States Supreme Court that "[w]e do not consecrate the flag by punishing its desecration, for in doing so we dilute the freedom that this cherished emblem represents." *Johnson*, 491 U.S. at 420, 109 S.Ct. at 2548. Thus, we hold that Section 2102 is unconstitutional as applied under the facts of this case.

1. Most likely, there is a good reason for the Commonwealth's failure to find an interest in regulating Ms. Bricker's expressive conduct unrelated to free expression. Several commentors have concluded that no such interest exists in flag desecration cases involving expressive conduct. *See* Mattie T. Harvin, *The Conservative Era of the 1980's: Texas v. Johnson: The First and Final Answer to the Flag–Burning Issue*, 34 How.L.J. 465, 476 (1991) ("At trial the state would have to proffer an interest in prohibiting the behavior [flag desecration]. In doing so, the only possible Congressional explanation would be to prevent destruction of the flag."); Deborah T. Eversole, *Constitutional Law—A Voyage Through Murkey Waters: Assessing Flag Misuse Prohibitions in the Wake of Texas v. Johnson, 109 S.Ct. 2533 (1989)*, 17 Fla.St.U.L.Rev. 869, 894 (1990) ("the law must have some effect unrelated to the suppression of expression. It is virtually impossible to conceive of any potential purpose of a flag protection statute other than the regulation of the content of the message the flag conveys.")

■ However, we do not agree with the learned trial court that Section 2102 is unconstitutional as written. The trial court concluded that it was "impossible to separate the symbolic, expressive nature of the American flag from the physical tangible fabric" and, therefore, held that Section 2102 was facially unconstitutional. *Commonwealth v. Bricker*, No. 3025 C.A.1993, slip op. at 6. (Ct. of Common Pleas of York County May 9, 1994). Thus, the trial court believed that any use of the flag is expressive conduct protected by the First Amendment. However, in *Johnson*, the United States Supreme Court refused to find the Texas flag desecration statute facially unconstitutional, leaving open the possibility that non-expressive conduct unprotected by the First Amendment could be punishable. *Johnson*, 491 U.S. at 403 n. 3, 109 S.Ct. at 2539 n. 3. The Court gave the following example:

A tired person might, for example, drag a flag through the mud, knowing that this conduct is likely to offend others, and yet have no thought of expressing any idea: neither the language nor the Texas courts' interpretation of the statute precludes that such a person would be prosecuted for flag desecration.

*Id.*

We agree that our statute leaves open the possibility that a person engaging in non-expressive conduct could be prosecuted for flag desecration.[2] In addition, the United States Supreme Court has suggested that a person might be punished for commercial exploitation of the flag, *See Eichman*, 496 U.S. at 315 n. 4, 110 S.Ct. at 2408 n. 4, and desecrating a publicly owned flag, *See Id.* at 316 n. 5, 110 S.Ct. at 2408 n. 5. Thus, we are convinced that there are narrow categories of flag desecration constitutionally punishable under Section 2102.

---

2. For example, in *City of Cincinnati v. Bunch*, 32 Ohio App.2d 161, 288 N.E.2d 854 (1971), the defendant had his personal belongings contained in a knapsack created by folding and tying an American flag. The defendant stopped on a public street, spread the flag on the street, and placed his personal belongings on top of it. *Id.*, 288 N.E.2d at 855. The defendant was charged and convicted under Ohio's flag desecration statute and the conviction was upheld by the Ohio Court of Appeals. Bunch's apparently non-expressive desecration of the flag might be of the type constitutionally punishable under our flag desecration statute.

Accordingly, we refuse to find our flag desecration statute facially unconstitutional.

■ The Concurrence disagrees and would hold our statute facially unconstitutional. It is a basic tenet of constitutional law that the First Amendment protects our citizenry from the suppression of ideas by the government. Where there is no expression of ideas, there is no protection. The Concurrence apparently believes that any use of the flag expresses an idea. We disagree. We hold open the possibility that there are narrow categories in which the flag is used in a non-expressive manner and, in this regard, the United States Supreme Court agrees. *See Johnson,* 491 U.S. at 403 n. 3, 109 S.Ct. at 2539 n. 3.

The bulk of the Concurrence analyzes the government's interest in regulating the physical integrity of the flag as discussed in *Eichman.* However, such an inquiry into the government's interest in suppressing expressive conduct is required only once it has been determined that the government is, in fact, attempting to regulate expressive conduct. In fact, the United States Supreme Court, in *Eichman,* only discussed the government's interest, as quoted at length by the Concurrence, once it had determined that flag burning was symbolic speech within the protection of the First Amendment. In a case of non-expressive conduct such an analysis is not implicated. Essentially, the Concurrence sets forth the syllogism that because the government's interest in regulating the physical integrity of the flag is always related to the suppression of free ideas, any use of the flag must express an idea and, therefore, our statute is facially unconstitutional. However, this argument collapses under the weight of its own lack of logic. Where the use of the flag is non-expressive, we are not concerned with the interest the government has in regulating free expression as the First Amendment is not implicated.

Therefore, we affirm the trial court to the extent that it found 18 Pa.C.S. § 2102 unconstitutionally applied to Appellee

and reverse to the extent that the trial court found Section 2102 unconstitutional as written.

ZAPPALA, J., files a concurring opinion in which FLAHERTY, J., joins.

MONTEMURO, J., is sitting by designation.

ZAPPALA, Justice, concurring.

The misdemeanor offense of desecration of the flag is defined to include conduct that "publicly or privately mutilates, defaces, defiles, or tramples upon, or casts contempt in any manner upon any flag," 18 Pa.C.S. § 2102(a)(4), with an exception for patriotic or political demonstration or decorations, 18 Pa.C.S. § 2102(b)(4). The majority concludes that the statute is unconstitutional as applied to the Appellee, but not as written. The majority finds that "our statute leaves open the possibility that a person engaging in non-expressive conduct could be prosecuted for flag desecration," for example when the flag is used for a utilitarian purpose such as a knapsack. I agree with the majority that the statute is unconstitutional as applied to the Appellee, but write separately because I would hold that 18 Pa.C.S. § 2102(a)(4) is unconstitutional on its face.[1]

In *United States v. Eichman*, 496 U.S. 310, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990), the United States Supreme Court addressed the constitutionality of the Flag Protection Act of 1989 which was enacted by the United States Congress after the Court's decision in *Texas v. Johnson*, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) invalidating a Texas statute criminalizing desecration of the United States flag. The Flag Protection Act of 1989 provided that "whoever knowingly mutilates, defaces, physically defiles, burns, maintains on the floor or ground, or tramples upon any flag of the United States shall be fined under this title or imprisoned for not more than one year." 18 U.S.C.A. § 700. The Government argued that the Flag Protection Act was constitutional because it did not target expressive conduct on the basis of the

---

1. I leave resolution of the issue of the constitutionality of the remaining subsections of the statute until it is squarely before us.

content of its message, unlike the Texas statute which expressly prohibited only acts of physical flag desecration that the individual knew would seriously offend onlookers.

The Government asserted an interest in protecting the physical integrity of the flag in order to safeguard its identity as a national symbol. The Court stated in response,

Although the Flag Protection Act contains no explicit content-based limitation on the scope of prohibited conduct, it is nevertheless clear that the Government's asserted interest is "related 'to the suppression of free expression,'" . . . and concerned with the content of such expression. The Government's interest in protecting the "physical integrity" of a privately owned flag rests upon a perceived need to preserve the flag's status as a symbol of our Nation and certain national ideals. But the mere destruction or disfigurement of a particular physical manifestation of the symbol, without more, does not diminish or otherwise affect the symbol itself in any way.

*Eichman,* 496 U.S. at 315–16, 110 S.Ct. at 2408 (footnote omitted).

The purpose of any flag desecration statute is to punish conduct that does not venerate the flag. The Court recognized that the Government's interest in protecting the symbolic value of the flag by prohibiting flag desecration necessarily resulted in suppression of expression, stating

Moreover, the precise language of the Act's prohibitions confirms Congress' interest in the communicative impact of flag destruction. The Act criminalizes the conduct of anyone who "knowingly mutilates, defaces, physically defiles, burns, maintains on the floor or ground, or tramples upon any flag." 18 U.S.C.A. § 700(a)(1) (Supp.1990). *Each of the specified terms—with the possible exception of "burns"—unmistakably connotes disrespectful treatment of the flag and suggests a focus on those acts likely to damage the flag's symbolic value.*

*Id.,* 496 U.S. at 317, 110 S.Ct. at 2409 (emphasis added).

The protection of the physical integrity of the flag is inseparable from advancement of the ideology of liberty, equality,

and tolerance that the flag represents. It is for this reason that flag desecration is offensive—indeed, it compels the majority to emphasize that "We in no way endorse the shoddy and disrespectful treatment of the American flag by Ms. Bricker. We are mindful of the fact that the flag is an important symbol to millions of Pennsylvanians, particularly those who fought for it in our nation's armed forces." It matters not whether a political or artistic statement accompanies the disrespectful treatment of the flag, for the message conveyed, even in the absence thereof, is that what the flag symbolizes is not revered by the individual. This is expression and its punishment is suppression of expression.

FLAHERTY, J., joins this concurring opinion.