**[J-20-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 18 WAP 2013 |
| | : |
| Appellant | : Appeal from the Order of the Superior |
| | : Court entered February 27, 2013 at No. |
| | : 1046 WDA 2012, affirming the Order of |
| v. | : the Court of Common Pleas of Mercer |
| | : County entered June 8, 2012 at No. CP- |
| | : 43-CR-0001291-2011. |
| GERALD M. DUNNAVANT, | : |
| | : ARGUED: April 8, 2014 |
| Appellee | : |

**OPINION IN SUPPORT OF AFFIRMANCE**

**MADAME JUSTICE TODD**                    **DECIDED: DECEMBER 29, 2014**

I join the Opinion in Support of Affirmance ("OISA") which underscores that the place in which this warrantless intrusion and secret video recordation by the confidential informant occurred — the interior of Appellee's home — was the critical factor in rendering this conduct a constitutional violation.[1] The inside of one's home is the area in which every person has the greatest expectation of privacy and, thus, it is an area entitled to the maximum constitutional protection. See Commonwealth v. Bricker, 666 A.2d 257, 261 (Pa. 1995) ("We have long recognized the sanctity of the home in this Commonwealth as we have repeatedly stated that '[u]pon closing the door to one's home to the outside world, a person may legitimately expect the highest degree of

---

[1] Given the absence of focused advocacy on this question, I consider, only for purposes of this appeal, that the constitutional protections of the federal and state constitutions are coextensive in protecting an individual's strong privacy interest in the interior of his or her home.

privacy known to our society.'" (quoting Commonwealth v. Brion, 652 A.2d 287, 289 (Pa. 1994), in turn quoting Commonwealth v. Shaw, 383 A.2d 496, 499 (Pa. 1978)); Commonwealth v. Roland, 637 A.2d 269, 270 (Pa. 1994) ("In a private home, 'searches and seizures without a warrant are presumptively unreasonable.'" (quoting Arizona v. Hicks, 480 U.S. 321, 327 (1987)). I also am in accord with the OISA's view that the subjective motivations of the police regarding their direction of the actions of the confidential informant were irrelevant to the determination of whether the informant — while acting as an agent of the state — violated the constitution.

Consequently, I agree with the OISA's ultimate conclusion that the warrantless video recording made inside of Appellee's home must be suppressed in accordance with our decision in Brion, which established that a person does not forfeit the strong privacy interest he or she has in their home or residence just by allowing an individual to come inside. Indeed, I find the nature of the government sanctioned activity at issue here — videotaping — to pose an even greater risk of unjustified invasion of the right of privacy than the audiotaping at issue in Brion. A hidden video camera records, in minute detail, all visible aspects of the interior of the home, its contents, and the activities of any of its occupants which happen to fall within the camera's field of view. Thus, affixed to the body of an undercover informant who enters a home, such a device will indiscriminately capture all that it sees, which includes the legitimate and constitutionally protected activities of every individual who happens to be present therein, as well as a host of intimate details about the lives of those who reside there, regardless of whether they have any relevance to a legitimate investigative purpose.

Because this type of surreptitious videotaping constitutes a greater risk of invasion of the strong privacy interest every individual possesses in his or her home, the question of when such videotaping is constitutionally permissible, and, also, what legal

limits to such videotaping are appropriate to ensure that it does not encompass personal subjects and areas which are irrelevant to legitimate investigative purposes, is a matter to be considered by a neutral magistrate upon application for a warrant before the videotaping occurs. See Kyollo v. United States, 533 U.S. 27, 40 (2001) ("Where . . . the Government uses a device that is not in general public use, to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a 'search' and is presumptively unreasonable without a warrant.").

Accordingly, I would affirm.

Mr. Justice Baer joins this opinion.